UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOWARD YOUNG,
            Petitioner,
    v.
C. PFEIFFER,
            Respondent.

Case No. 18-cv-06929-RS (PR)

**ORDER OF DISMISSAL**

For the third time, petitioner seeks federal habeas relief from his 1992 state convictions for kidnapping and second degree burglary. He received a sentence of 3 years for the kidnapping conviction and a concurrent sentence of 16 months for the burglary conviction. (Pet., Dkt. No. 1 at 11, 14-15.) Because it is more than 26 years after these sentences were imposed, petitioner cannot be in custody for these offenses. Because he is not in custody, the Court lacks jurisdiction over this petition. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a). This requirement is jurisdictional. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

This is not petitioner's first attempt to obtain federal habeas relief for this conviction. In 2015, in one petition he challenged his 1992 conviction along with a 2006 conviction. *Young v. Pfeiffer*, 15-03970. Because it was not permissible to challenge two unrelated convictions in one petition, petitioner was ordered to file an amended petition in which he challenged just one. (*Id.*, Dkt. No. 28.) He never complied with these instructions. As a result, his petition was dismissed. (*Id.*, Dkt. No. 35.) The case was later reopened at his request. (*Id.*, Dkt. No. 40.) When he again failed to comply with the Court's instructions, the petition again was dismissed. (*Id.*, Dkt. No. 43.) A motion to

reconsider was denied because petitioner had failed to comply with the Court's instructions. (*Id.*, Dkt. No. 46.)

In 2016, petitioner again filed suit in this district to challenge his 1992 conviction. *Young v. Pfeiffer*, 16-04329. Petitioner was ordered to show cause why the habeas petition should not be dismissed for want of jurisdiction, petitioner then, as now, not being in custody on that conviction. (*Id.*, Dkt. No. 8.) He filed nothing in response by the deadline. The suit was dismissed for that reason. (*Id.*, Dkt. No. 10.) He filed for reconsideration on grounds that the 1992 conviction was used to enlarge his 2006 sentence, thereby rendering him in custody under the 1992 conviction. (*Id.*, Dkt. No. 14.) This argument was rejected:

> Petitioner is not in custody for his 1992 convictions. Rather, petitioner is in custody for a later conviction, the sentence for which was increased because of the 1992 convictions. This is easily demonstrated. If his later conviction was voided, his sentence for that conviction, enhancements and all, would be voided as well. He could not be held on the 1992 convictions, the sentences for which expired two decades ago. Because he is not in custody on the 1992 convictions, this Court lacks jurisdiction over his petition.

(*Id.*, Dkt. No. 14 at 2.) A subsequent motion for a stay was denied as moot. "There is no operative action on which to impose a stay." (*Id.*, Dkt. No. 16.)

There is no basis for the current petition: the facts have not changed and the law has not changed. The petition is DISMISSED. The Clerk shall enter judgment in favor of respondent and close the file. The filing fee has been paid. (Dkt. No. 3.)

**IT IS SO ORDERED.**

**Dated:** January  2 , 2019

_____
RICHARD SEEBORG
United States District Judge